UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARILYN O'HARA, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:13-cv-563 |
| § | |
| PATRICK R. DONAHOE, Postmaster General, § | |
| United States Postal Service, *et al.*, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Marilyn O'Hara's Motion for Reconsideration. (Doc. No. 54.) Because Ms. O'Hara has not adduced any new evidence and does not present any legal arguments that the Court has not already considered and rejected, her Motion must be denied.

### I.     BACKGROUND

This is a disability discrimination case arising in part under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796l. Plaintiff Marilyn O'Hara, who appears pro se, is a former letter carrier for the United States Postal Service ("USPS").[1] She states that she had a total right knee replacement in 2007, and thereafter was placed on leave from work. According to Ms. O'Hara, USPS forced her to return to work too soon after the knee replacement and did not honor the work restrictions imposed upon her by her health care practitioners. This, she alleges, led to a back injury in August 2008. She reports that she then again sought and was granted leave from work, only to be once again forced to return to work by the USPS in 2010. After a recurrence of back pain, Ms.

---

[1] These facts are taken from Ms. O'Hara's First Amended Complaint ("FAC"; Doc. No. 18).

1

O'Hara again left work. Her employment with the USPS was terminated in 2012. She contends that the USPS discriminated against her by deliberately refusing to honor the work restrictions imposed by her health care practitioners, assigning her duties outside of her ability, forcing her to return to work before she was able, and terminating her employment. She also alleges that she was harassed by USPS officials.

Ms. O'Hara also sued the National Association of Letter Carriers ("NALC"), a letter carriers' union, for breaching its duty of fair representation under the National Labor Relations Act of 1935, 29 U.S.C. §§ 151-169. *See* 29 U.S.C. § 159(a). She claims that NALC did not properly file and investigate a grievance she wanted to bring against the USPS. She argues that this failure also contributed to the termination of her employment.

Both Defendants moved to dismiss. The USPS sought dismissal based largely on Ms. O'Hara's failure to exhaust her administrative remedies. (Doc. No. 21.) NALC's chief argument was that limitations bar Ms. O'Hara's breach of duty of fair representation claim. (Doc. No. 24.) At a hearing on January 24, 2014, the Court granted Defendants' motions to dismiss. The pending motion followed.

## II.     LEGAL STANDARDS

Though the Federal Rules of Civil Procedure do not themselves specifically provide for a motion for reconsideration, such motions nevertheless are entertained under the Rules. They are generally analyzed under the standards for a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Here, Ms. O'Hara appears to seek reconsideration under Rule 59. *See* Pl. Marilyn O'Hara's Memo. and Mot. Recons. Defs.' Mot. Dismiss at 3. (Doc. No. 54.)

A motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (internal quotation marks omitted)). Such motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Id.* In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), *id.*, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

### III.   DISCUSSION

In her Motion, Ms. O'Hara asserts that the Court made a clear error of law in granting Defendants' motions to dismiss. Her first argument concerns her failure to exhaust administrative remedies with respect to her disability discrimination claim against the USPS. As before, Ms. O'Hara does not dispute that she failed to file a complaint with the Equal Employment Opportunity Commission ("EEOC") within the required time period. She maintains, as she did in her briefing and oral argument on the USPS's motion to dismiss, that an extension of the time allowed for filing such a complaint is appropriate, either under the EEOC's regulations, or as an exercise of equitable tolling. Ms. O'Hara claims that, had NALC actually filed the grievance she requested, she would not be seeking an extension of time because arbitration would have ensued, and she could have then contacted an EEO counselor. In addition,

Ms. O'Hara addresses her failure to file her claim against NALC within the relevant limitations period. She argues, as she has previously, that NALC did not inform her of her right to bring action against it.

Ms. O'Hara's Motion simply revisits issues this Court has already decided, urging arguments this Court has already rejected. That is insufficient to meet her burden under Rule 59. The Court therefore **DENIES** her Motion for Reconsideration.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the twenty-fifth day of April, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE